IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


UNITED STATES OF AMERICA,

       Plaintiff,

Vs.                                  No. 02-3385-SAC
                                       03-3080-SAC
                                     01-40017-01-SAC


THOMAS J. KNOX,

       Defendant.

### Memorandum and Order

This case comes before the court on defendant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, as well as various other motions.  As set forth in more detail below, defendant's § 2255 motion raises multiple claims of error relating to his pretrial investigation, his plea, and his sentencing, most of which allegedly result from ineffective assistance of counsel.

## PROCEDURAL HISTORY

On August 10, 2001, the defendant pled guilty to counts one and two of the indictment.  Count one alleged defendant's distribution of 250 grams of methamphetamine mixture, and count two alleged his conspiracy to distribute 429 grams of methamphetamine mixture.  Dk. 25, 26. 29.  On November 15, 2001, this

Court sentenced defendant to 70 months on each count, with time to be served concurrently, followed by three years' supervised release.  Dk. 29.

        The final judgment was entered on December 6, 2001 (Dk. 29), and defendant did not file a direct appeal.  Thus defendant's conviction became final on December 16, 2001, when the time for filing a notice of appeal of his conviction expired.  *See Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999) (holding that "[i]f a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired"); Fed. R. App. P. 4(b)(1)(A) (requiring a notice of appeal to be filed within ten days of the entry of the judgment of conviction).

        On November 13, 2002, the defendant filed this § 2255 motion, followed by an amended motion filed June 30, 2003.  Dk. 45, 51.1. Defendant's § 2255 motion, filed within one year of the date his conviction became final, is timely, but his amendment to his original motion is not.

**GENERAL § 2255 STANDARDS**

        A district court may grant relief under § 2255 if it determines that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such

a denial or infringement of the constitutional rights of the prisoner as to render the

judgment vulnerable to collateral attack."  28 U.S.C. § 2255.  "Section 2255

motions are not available to test the legality of matters which should have been

raised on direct appeal."  *United States v. Warner*, 23 F.3d 287, 291 (10th Cir.

1994) (citation omitted), *cert. denied*, 502 U.S. 943 (2005).

The court must hold an evidentiary hearing on a § 2255 motion "unless

the motion and files and records of the case conclusively show that the prisoner is

entitled to no relief."  28 U.S.C. § 2255; *United States v. Galloway*, 56 F.3d 1239,

1240 n. 1 (10th Cir. 1995).  The burden is with the defendant to allege facts which,

if proven, would entitle him or her to relief.  *See Hatch v. Oklahoma*, 58 F.3d

1447, 1471 (10th Cir.1995), *cert. denied*, 517 U.S. 1235 (1996).  "[T]he allegations

must be specific and particularized, not general or conclusory."  *Id*. The court finds

that a hearing on the defendant's motion is not necessary because the materials

already in the record conclusively show that the defendant is not entitled to relief on

his claims, as detailed below.

**MOTION FOR APPOINTMENT OF COUNSEL**

Before addressing the other issues raised in defendant's motion, the

court addresses defendant's request for court-appointed counsel to assist him in

this § 2255 motion (Dk. 60).  Generally, a defendant possesses no right to counsel

3

in the prosecution of a § 2255 motion because the right to appointed counsel

extends to the first appeal of right, and no further. *Pennsylvania v. Finley*, 481

U.S. 551, 555 (1987).  In other words, the court's appointment of counsel to

represent defendant during the sentencing phase of the proceedings does not

obligate that same counsel to represent defendant during a  § 2255 proceeding, nor

is defendant entitled to the appointment of other counsel for that purpose.

An exception to the general rule entitles a defendant to counsel when

an evidentiary hearing is required in a § 2255 proceeding.  *Swazo v. Wyoming Dep't*

*of Corrections State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir.1994).  For

the reasons set forth below, the court finds that an evidentiary hearing on

defendant's § 2255 motion is unnecessary.  Although the district court has

discretion to appoint counsel under certain circumstances when "the interests of

justice so require," 18 U.S.C. § 3006A(a)(2)(B), in this case the issues raised,

although numerous, are not unusually complex either legally or factually.  Further,

the content of defendant's pro se pleadings demonstrates that he is capable of

adequately articulating his claims, albeit in a somewhat rambling fashion.

Accordingly, no new counsel shall be appointed.

**§ 2255 MOTION**

Defendant's § 2255 motion raises multiple claims of error relating to

4

his pretrial investigation, his plea, and his sentencing, most of which allegedly result

from ineffective assistance of counsel.

### Ineffective Assistance of Counsel

"An indigent defendant in a criminal trial has the constitutional right to

the assistance of counsel." *Baker v. Kaiser*, 929 F.2d 1495, 1498 (10th Cir. 1991)

(citing *Gideon v. Wainwright*, 372 U.S. 335 (1963)).  To establish a claim for

ineffective assistance of counsel, a defendant must show (1) that his counsel's

performance fell below the constitutional minimum guaranteed by the Sixth

Amendment, that is, "an objective standard of reasonableness," and (2) that his

counsel's errors prejudiced him, that is, "were so serious as to deprive the defendant

of a fair trial, a trial whose result is reliable." *Strickland v. Washington*, 466 U.S.

668, 687, 690 (1984); *see also Hill v. Lockhart*, 474 U.S. 52, 58 (1985).  To show

deficient performance, the defendant must show that his counsel's performance was

"completely unreasonable, not merely wrong." *Hoxsie v. Kerby*, 108 F.3d 1239,

1246 (10th Cir.), *cert. denied*, 522 U.S. 844 (1997).  To show prejudice, the

defendant must establish that, but for counsel's unprofessional errors, there was a

reasonable probability that the outcome of his conviction and/or sentencing would

have been different. *Id.* at 1245; *see Strickland*, 466 U.S. at 694.   "A reasonable

probability is a probability sufficient to undermine confidence in the outcome." *Id.*

The Supreme Court recognizes a strong presumption in favor of

counsel, in stating:

> There is a strong presumption that counsel's performance falls within the wide range of professional assistance, (citation omitted); the defendant bears the burden of proving that counsel's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy. (citation omitted). The reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential. (citation omitted).

*Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986).

A court can properly examine the prejudice prong without first

determining whether counsel's performance was deficient:

> [A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.

*Strickland*, 466 U.S. at 697.

Because defendant pled guilty and took no direct appeal, the court

must first decide if defendant can demonstrate the cause and prejudice or

fundamental miscarriage of justice required to overcome the procedural bar for

defaulted claims. If he cannot overcome the procedural bar, then the court may not

reach the merits of most of his claims. *See United States v. Frady*, 456 U.S. 152,

6

165 (1982).

**Voluntariness of Guilty Plea**

Several of defendant's challenges are to the voluntariness of his guilty plea.  In ground two, defendant contends that his conviction was obtained by a plea of guilty which was unlawfully induced and was not made voluntarily or with an understanding of the nature of the offense.  Dk. 45, p. 8.  Specifically, defendant alleges that counsel "misinformed him not only as to the sentencing range applicable to the offense charged but even more importantly that he would be sentenced based on a 'mixture of substance containing methamphetamine' rather than actual methamphetamine."  Dk. 47, p. 33. In ground ten, defendant alleges that counsel fraudulently induced him to plead guilty by telling him that if he took the plea agreement all his forfeited property would be returned to defendant's wife.  Dk. 45, p. 8; Dk. 47, p. 33.  In ground thirteen, defendant claims that counsel's withholding of some *Brady* and *Jenks* materials kept defendant from gaining the information he needed to make a willful and knowing plea agreement.  Dk. 45 at 6.

Defendant's burden in this regard is well established.

"a defendant who pleads guilty upon the advice of counsel 'may ... attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within [the range of competence demanded of attorneys in criminal cases].' " *Hill*, 474 U.S. at 56-57 (quoting *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S. Ct. 1602, 36 L. Ed. 2d 235

7

(1973)). Further, a habeas petitioner may raise a Sixth Amendment issue by arguing that his attorney's handling of a suppression issue was incompetent. *See Kimmelman*, 477 U.S. at 382-83.  In sum, a guilty plea does not waive a claim of ineffective assistance of counsel relating to the knowing and voluntary nature of the plea.

*United States v. Romero-Gallardo*, 113 Fed.Appx. 351, 354, 2004 WL 2407129,

*2 (10th Cir. 2004).

### Length of sentence

The court first addresses defendant's contentions that counsel was ineffective because he: 1) misinformed defendant as to the sentencing range applicable to the offense charged; and 2) told defendant that he would be sentenced based on a 'mixture or substance containing methamphetamine' rather than actual methamphetamine.

Unless the defendant can show ineffective assistance of counsel, he cannot challenge his guilty plea. It is well established that a voluntary and unconditional guilty plea waives all non-jurisdictional defenses.  *See United States v. Hawthorne*, 316 F.3d 1140, 1145 (10th Cir.2003); *United States v. Davis*, 900 F.2d 1524, 1525-26 (10th Cir. 1990).  As summarized by the Supreme Court:

[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the

8

guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not [competent].

*Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

The court's plea colloquy evidences the voluntariness of defendant's plea and refutes defendant's assertion that he was misled by statements of counsel as to the sentencing range applicable to the offenses charged.  At the plea hearing, the court advised defendant that the maximum penalty for each charge was "confinement for not less than five nor more than 40 years."  Dk. 65, Exh. A, p. 16-17.  The following colloquy then occurred:

> Q.  Now, Mr. Knox, do you understand that those are the mandatory sentences and the maximum sentences that could be imposed as to these two counts?
> A.  Yes, I do your honor.

*Id.*  Defendant then admitted that he and his counsel had discussed the sentencing guidelines that would be applied in his case, that he understood that the court could not determine what guideline would apply until after it reviewed the presentence report, and that in some cases, the court could impose a greater or lesser penalty than called for by the guidelines.  *Id.,* p. 18.  When the court asked defendant: "Has anyone predicted or promised to you what the sentence would be in this case," defendant replied, "No, your Honor."  Defendant's counsel then interjected "But

9

Judge, we obviously have given our best guesstimate," prompting the court to ask,

"I'm talking about promises.  Anyone promised what it will be?"  Again defendant

replied, "No."  *Id.*, p. 19.

Defendant's own transcript of his conversation with his counsel prior

to the plea additionally confirms that no misrepresentation was made.  When

counsel asked defendant: "Now how much ... I want you to go over in your mind,

how much did we say you'd get approximately under the plea bargain.  Tell me,"

defendant's sole response was: "five years ten months."  Dk. 47, Exh. G, p. 3.

Defendant received exactly five years and ten months pursuant to the plea bargain.

His assertion that counsel misled him regarding the length of his sentence is

meritless.

### Actual v. mixture of methamphetamine

The court next addresses defendant's contention that counsel

misinformed him that he would be sentenced based on a 'mixture of substance

containing methamphetamine' rather than actual methamphetamine.  Even assuming,

without determining, that defendant was sentenced based on actual, rather than a

mixture of the drug, no prejudice can be shown.

The drug quantity table included in the sentencing guidelines does

provide different base offense levels for methamphetamine mixture and actual

10

methamphetamine.  However, this court is bound to use whichever of the two

offense levels is greater -  the offense level determined by the entire weight of the

methamphetamine mixture, or the offense level determined by the weight of the

actual methamphetamine.  As stated by the Tenth Circuit:

> The sentencing guidelines' drug quantity table provides two ways of
> calculating the base offense level for methamphetamine: first, based on the
> quantity of methamphetamine-containing mixture, and second, based on the
> quantity of pure methamphetamine in the mixture. ...
> U.S.S.G. § 2D1.1(c) n.B.  The drug quantity table provides different base
> offense levels for methamphetamine and methamphetamine (actual). The
> district court is to "use the offense level determined by the entire weight of the
> mixture of substance, or the offense level determined by the weight of the ...
> methamphetamine (actual), whichever is greater." *Id.; United States v.
> Decker*, 55 F.3d 1509, 1513 (10th Cir.1995); *United States v. Cook*, 49 F.3d
> 663, 664 (10th Cir.1995).

*United States v. Gigley*, 213 F.3d 509, 518 -519 (10th Cir.2000).

Because the court must use whichever calculation produces the greater

sentence, defendant can show no prejudice, even assuming that the court's

calculation was based on actual methamphetamine rather than on a mixture of it, and

further assuming that the offense level determined by the weight of the actual

methamphetamine was greater than the offense level determined by the weight of the

methamphetamine mixture.   Defendant's claim that he was misinformed and was

prejudiced based upon the calculation of drug amount is in error.

**Forfeiture**

11

Defendant next contends that counsel fraudulently induced him to plead guilty by telling him that if he took the plea agreement all his forfeited property would be returned to defendant's wife.   The record belies this assertion. Defendant's counsel explained to defendant that the forfeiture matter was "completely different from the criminal" case, and that one thing had "nothing to do with the other."  Dk. 47, Exh. G., p. 8.  It is also evident that at the plea hearing, the court asked defendant whether anyone  had made any other or different promises to him than those set forth in the plea agreement, and defendant answered, "No, your honor."  Dk. 65, Exh. A, p. 7.  As no other evidence on this issue has been included in the record, this claim has no basis in fact.

## Failure to divulge discovery

Defendant next contends that his counsel withheld *Brady* and *Jenks* material and thus kept him from reviewing material that he needed to determine whether to enter into a plea agreement.  Dk. 45 at 6.  This assertion may have some basis in fact.  The record supports defendant's claim that he asked his counsel if he could listen to all the tapes which his counsel had received from the government and had in his possession.  Defendant additionally desired to see pictures relating to his case.  Dk. 65, Exh. B., p. 7.  Defendant listened to some garbled tapes and at least one clear tape, but evidently not all the tapes.  Counsel informed defendant that he

12

could listen to the tapes, but counsel would not permit defendant to take any tapes out of counsel's office, and counsel said he had no tape recorder, although he had previously provided one for defendant.  Dk. 47, Exh. G, p. 5, 6, 9, 10.

The court therefore considers this lack of access to discovery materials as one of the factors surrounding the plea, in determining whether defendant would have proceeded to trial absent the alleged error.

> [A] petitioner's "mere allegation" that he would have insisted on trial but for his counsel's errors, although necessary, is ultimately insufficient to entitle him to relief.  *See United States v. Gordon*, 4 F.3d 1567, 1571 (10th Cir.1993).  Rather, we look to the factual circumstances surrounding the plea to determine whether the petitioner would have proceeded to trial.  *See id.; United States v. Wright*, 43 F.3d at 491, 498 (10th Cir.1994); *Lasiter v. Thomas*, 89 F.3d 699, 703-04 (10th Cir.1996).

*Miller v. Champion*, 262 F.3d 1066, 1072 (10th Cir.2001).

The factual circumstances surrounding the plea include admissions made during a defendant's plea colloquy, which serve as compelling evidence that a defendant voluntarily and knowingly entered a plea.  *See United States v. Trusdale*, 38 Fed. Appx. 485, 2002 WL 258200 (10th Cir. Feb.25, 2002) (representations of the defendant and findings of the judge accepting the plea can constitute a barrier to subsequent collateral proceedings); *see also United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir.2004) (explaining that the court looks to an informed plea colloquy for evidence that defendant knowingly and voluntarily entered into agreement).

In this case, defendant admitted at his plea hearing that he was fifty years old, had approximately two years of college, and was not under the influence of any drug other than an anti-depressant, which he admitted did not hinder his understanding of any of the proceedings.  Dk. 65, Exh. A., p. 4.  Defendant stated that he was satisfied with the services of his attorney, that he had read the plea agreement with his counsel and understood it, and that no one had attempted in any way to force him to enter the plea of guilty.  *Id*., p. 5, 6, 9.  Defendant further admitted that he was pleading guilty to the two counts because he was in fact guilty of the two counts, that he heard the government's recitation of the evidence that could be offered against him, and that it is true.  *Id.*, p. 9, 14, 15.  Defendant made no mention during his plea hearing of any discovery he had been unable to review, and makes no proffer of what exculpatory information he believes may have been contained in the discovery.

Defendant's memorandum contains only conclusory allegations, which are insufficient to prove ineffective assistance of counsel under the Sixth Amendment.  *Snyder v. Addison*, 89 Fed. Appx. 675, 681, 2004 WL 377682 (10th Cir. Mar 02, 2004).  Under these circumstances, the court finds that defendant has shown no prejudice by virtue of counsel's alleged failure to permit defendant to review the discovery in question, and further finds that defendant voluntarily and

14

knowingly entered into a plea.

**Police conduct**

The court next addresses defendant's claims relating to police conduct. In ground one, defendant contends that his conviction was obtained by the use of evidence gained pursuant to a warrantless and unconstitutional search of his trailer park, and that his counsel failed to file a suppression motion asserting this Fourth Amendment violation. Dk. 45, p. 5, 7; *see* Dk. 47, p. 21. In ground seven, defendant alleges that police entrapped him by planting an informant and informant's girlfriend in defendant's trailer park to entice defendant into selling methamphetamine. In ground nine, defendant states that the police lacked probable cause and fabricated information to show probable cause for warrants, but did not investigate or have stakeouts or observation points at any time, and that his counsel failed to raise this defense. Dk. 45, p.8, *see* Dk. 47, p. 30.

**Illegal search of trailer park**

Defendant contends that on July 18, 2000, the police entered without a warrant, and thus illegally, into his trailer park, specifically, into a trailer on Lot #2, at 440 N.W. 56th St. Defendant did not live in that residence at the time, but had rented the trailer to another. The record shows that for a term of six months beginning on July 1, 2000, defendant rented the property on which the search

occurred to "Utica Wilson and 4 Children."   Dk. 47, Exh. E, "Residential Lease."

On the date in question, the confidential informant, while in the trailer on Lot #2,

gave "Carlos" $3,600 for purchase of methamphetamine.   The informant then left

under the ruse of getting more money, and contacted the police who arrested Carlos

immediately thereafter with both the money and the methamphetamine.   This

transaction was the basis for the conspiracy count to which defendant pled guilty.

It is uncontested that defendant's counsel did not file a suppression

motion.   But failure to file a suppression motion does not constitute per se

ineffective assistance of counsel.   *Kimmelman v. Morrison*, 477 U.S. 365, 384

(1986).   Defense counsel "is not required automatically to file a suppression motion

in every case involving evidence or statements obtained after a search; rather,

counsel must use 'professional discretion in deciding whether there are sufficient

grounds' for such a motion."   *United States v. Aulet*, 618 F.2d 182, 187-88 (2d Cir.

1980).   To prevail on a claim of ineffective assistance of counsel for failure to bring

a suppression motion, the underlying motion must be shown to be meritorious, and

there must be a reasonable probability that the verdict would have been different if

the evidence had been suppressed.   *See United States v. Romero-Gallardo*, 113

Fed. Appx. 351, 354, 2004 WL 2407129, *2 n. 1 (10th Cir. 2004).   In addition,

defendant must show that counsel's decision not to bring the motion was

unreasonable under prevailing professional norms, rather than a reasonable tactical decision.  *See United States v. Chavez-Marquez,* 66 F.3d 259 (10th Cir. 1995).

Defendant cannot show that the underlying motion would have been meritorious, because he fails to show that he had any standing to challenge the officer's warrantless entry into his lessee's trailer.  "A defendant may not challenge an allegedly unlawful search or seizure unless he demonstrates that his own constitutional rights have been violated."  *United States v. Rubio-Rivera*, 917 F.2d 1271, 1274 (10th Cir. 1990).  It follows that a landlord lacks standing to assert a Fourth Amendment claim as to residential property leased to another, or on behalf of a tenant.  *See United States v. Rios*, 611 F.2d 1335, 1345 (10th Cir. 1979) (finding that mobile home owner had no expectation of privacy where, despite his ownership of the property, he did not live in it, take normal precautions to maintain privacy in the home, or use the home in such a way as to justify an expectation of privacy).

Defendant's lease agreement does not reserve any rights of occupation or possession of the property to defendant, or otherwise establish that defendant retained a right of privacy in the property during the time it was leased as a residence to Ms. Wilson.  Defendant does not allege that he lived in the trailer in question, took any precautions to maintain privacy in that residence, or used it in such a way

17

as to justify an expectation of privacy.  Under these circumstances, no standing can be found.

To the extent defendant may be claiming that the officer's entry into the trailer park itself constituted a Fourth Amendment violation, defendant's claim is legally frivolous.  *See United States v. Hatfield*, 333 F.3d 1189 (10th Cir. 2003). Defendant has not shown that this motion is meritorious, or that there is a reasonable probability that the result of the trial would have been different had his counsel raised this meritless issue, or that counsel's decision not to bring the motion was unreasonable under prevailing professional norms, rather than a reasonable tactical decision.

### Entrapment

Defendant's next assertion is that his counsel was ineffective because he failed to raise the defense of entrapment.  The elements of this affirmative defense are well established.

> A person is entrapped when that person has no previous intent or disposition or willingness to commit the crime charged and is induced or persuaded by a government agent to commit the offense.
> A person is not entrapped when that person has a previous intent or disposition or willingness to commit the crime charged and the government agent merely provides the opportunity to commit the offense.

*United States v. Gama*, 141 F.3d 1186, 1998 WL 133833, *2 (10th Cir. 1998).

18

A confidential informant was used in defendant's case.  But the evidence in the record fails to reveal that this person was a government agent, or to reveal defendant's intentions and disposition before encountering the informant, or the nature and the degree of the inducement or persuasion provided by the informant sufficiently to establish a viable entrapment defense.  Defendant's counsel cannot be found constitutionally ineffective for having honored defendant's choice to plea, instead of go to a trial in which this defense may or may not have been raised.

### Fabricated probable cause

Defendant next contends that his counsel was ineffective for failing to present a "police fabrication defense."  Defendant claims that police fabricated information in their probable cause affidavit in support of a search warrant, including defendant's distribution of methamphetamine and receipt of cash.

The record fails to establish any substantial basis for defendant's claim that the officers included false statements in the warrant affidavit. Given the absence of substantial support for defendant's allegation that the officers made false statements in the warrant application, it cannot be said that counsel acted improperly when he failed to file a suppression motion attacking the validity of the search warrant.  Moreover, defendant cannot show that any failure to file such a motion prejudiced the defense.

19

Further, defendant's claim of police fabrication contradicts his admission under oath at the plea hearing that the factual basis for his plea was true. At the plea hearing, the government recited in detail the factual basis for the counts. The statement of facts specifically included the names of those involved, the dates of the transactions, the amounts of drugs dealt, and the amounts of cash exchanged. *See* Dk. 65, Exh. A, p. 12-15. Defendant not only agreed that the government could offer those facts against the defendant, but also agreed that those facts were true. *Id.*, p. 14-15.  Defendant has not shown that his counsel was ineffective for failing to present a "police fabrication defense."

**Sentencing issues**

Next to be addressed are defendant's contentions relating to his sentence.  Defendant alleges in Ground Three that his sentence is illegal because it is based on incomplete and inaccurate information about defendant's possession of methamphetamine or marked bills and his involvement in count two.  Defendant alleges government misconduct because the indictment consistently alleges a "detectable amount," instead of a "measurable amount" of methamphetamine, and faults his counsel for failing to hold the government to proof of the latter.  *See* Dk. 47, p. 32.  In ground eleven, defendant states that his counsel perjured himself at the sentencing hearing when counsel told this court that defendant's statement of

20

returning forfeited property to Knox "was asinine."

### Inaccurate/incomplete information

In claiming that his sentence was based upon incomplete and inaccurate information regarding defendant's possession of drugs or marked bills, defendant flatly contradicts statements he made under oath at his plea hearing when he told the court that the factual basis for the counts charged was true.  *See* Dk. 65, Exh. A, p. 14-15.

Defendant also faults his counsel for not challenging the PSR's reference to defendant's possession of "marked bills."   Defendant's possession of drug money, although mentioned in the PSR, was not relevant to any calculation made in determining defendant's sentence, and did not serve to increase defendant's sentence.  Accordingly, no prejudice has been shown from the omission of a challenge to the PSR's reference to marked bills.

### Measurable amount of methamphetamine

Defendant alleges government misconduct because the indictment consistently alleges a "detectable amount," instead of a "measurable amount" of methamphetamine, and faults his counsel for failing to hold the government to proof of the latter.

Both the statutory offense  and the drug sentencing guidelines require

only a "detectable amount" of substance.  *See*  21 U.S.C. § 841(a); § 841(b); USSG § 2D1.1.  Although cases may be found stating that § 841(a) requires "any measurable quantity" of controlled substance ..." *see e.g., United States v. Poole*, 929 F.2d 1476 (10th Cir. 1991), *United States v. Deninno*, 29 F.3d 572, 578 (10th Cir.1994), "it is not clear that they intended this term to mean something greater than, or even different from, "detectable amount."  *United States v. Valdez*, 225 F.3d 1137, 1143 (10th Cir.2000).  Even had the cases intended some distinction, the statutory requirement remains a "detectable amount."

The amounts of methamphetamine mixture in the present case were both detectable and measurable.  Those amounts, *i.e.*, 250 grams of methamphetamine mixture (count 1) and 429 grams of methamphetamine mixture (count two), are not so minute as to make relevant any distinction between a detectable amount and a measurable amount.  Defendant's counsel had no legal basis for a challenge to the drug amount.

Further, defendant raised no challenge to the drug amounts specifically stated by the government in its recitation of the factual basis for the plea at the plea hearing.  *See* Dk. 65, Exh. A, p. 12-15.  Defendant's counsel had no factual basis to challenge the drug amount.  Accordingly, defendant has shown no prejudice from counsel's failure to hold the government to proof of a "measurable amount" of

methamphetamine.

### Counsel's statement re: defendant's asinine remarks

In ground eleven, defendant states that his counsel perjured himself at the sentencing hearing when counsel told this court that defendant's statement of returning forfeited property to Knox "was asinine."

The transcript of the sentencing hearing does include the following statement, made by defendant's counsel, after the court sentenced defendant and was trying to determine whether defendant should self-report:

> I think he'll turn himself in.  He's always been where he's supposed to be, and I don't - because of his asinine remarks today, I don't want that to be held against him.

Dk. 65, Exh. B, p. 11.  It is not clear from the context that defense counsel was referring to defendant's statements about the forfeiture issue, but such an assumption appears to be reasonable.  Nonetheless, the statement by defendant's counsel was nothing but his personal opinion and not a factual representation, was made after defendant's sentence had already been imposed by the court.  Because this statement had no effect on defendant's sentence, defendant cannot have been prejudiced by it.

### Misc other matters

The remaining matters raised by defendant defy categorization.  In

ground five, defendant alleges a violation of the double jeopardy clause in that he was punished in federal court for the drug offenses and had his property forfeited in a state proceeding.   This contention that the forfeiture violated the double jeopardy clause is without merit.  *See United States v. Ursery*, 518 U.S. 267, 270, (1996) (ruling that civil forfeiture does not implicate the double jeopardy clause);  *United States v. Lot 41, Berryhill Farm Estates*, 128 F.3d 1386, 1391 (10th Cir. 1997).

Ground eight claims prosecutorial misconduct in "the use of a case  to enhance defendant's conviction," which case had been dropped prior to investigation of a crime.  Defendant's brief adds that this case was brought by Anita Meyer, who accused defendant of aggravated battery on November 12, 1999. Defendant claims that this case was included in the presentence report and apparently used to increase his sentence.   The court finds no reference to this incident in the PSR, but even assuming the PSR contains such a reference, no prejudice has been shown because the PSR assesses zero criminal history points against the defendant.  *See* Dk. 47, Exh., PSR, p. 10.

Ground six alleges a violation of sealed grand jury information because Officer Pfortmiller revealed information about defendant's arrest for methamphetamine to some of defendant's tenants.  Dk. 45, p. 7.  Defendant apparently contends that the officer revealed to some tenants that defendant had

been arrested on drug charges.  Defendant's contentions on this claim are not

specific and particularized, but are general and conclusory.  Defendant does not

contend that the information revealed by the officer was false.  Defendant apparently

believes that some privacy interest has been violated, but fails to recognize that

personal privacy guarantees do not protect against disclosure of the fact of arrest,

even when no determination of guilt or innocence has yet been reached.  *Paul v.*

*Davis*, 424 U.S. 693, 712-13 (1975).  Thus defendant's counsel had no reason to

raise this issue before the court, and defendant has failed to show prejudice by its

omission.

       In ground fourteen, defendant alleges judicial misconduct in permitting

certain members of the public, including defendant's neighbor, to attend the

sentencing hearing.  Dk. 45, p.8.  He admits that his wife and social worker were

there for support, but objects to his neighbor's presence.  Because sentencings are

public proceedings, *see Rice v. United States, et al.*, 166 F.3d 1088, 1091 (10th Cir.

1999), defendant's counsel cannot be faulted for not raising this frivolous claim of

judicial misconduct before the court, and defendant can show no prejudice flowing

from that decision.

       Ground fifteen alleges prosecutorial misconduct, malice, vindictive

and selective prosecution, noting that defendant's "financial status and his

25

reputation in the community have been destroyed by fraudulent statements made by the hatred of those who mean to harm him by false imprisonment."  Dk. 45, p.8. No facts are included in the record in support of the claim of prosecutorial misconduct, malice, or vindictive and selective prosecution.

Claims of injury to one's finances or reputation are brought, if at all, as civil actions, and would not have been properly raised as a defense in defendant's criminal case.  As the United States Supreme Court stated in addressing a similar issue:

> [State] law does not extend to respondent any legal guarantee of present enjoyment of reputation which has been altered as a result of petitioners' actions.  Rather his interest in reputation is simply one of a number which the State may protect against injury by virtue of its tort law,  providing a forum for vindication of those interests by means of damages actions.  And any harm or injury to that interest, even where as here inflicted by an officer of the State, does not result in a deprivation of any "liberty" or "property" recognized by state or federal law, nor has it worked any change of respondent's status as theretofore recognized under the State's laws.

*Paul v. Davis*, 424 U.S. 693, 711-712 (1976).  Accordingly, defendant's counsel cannot be faulted for not raising these issues.

The court notes defendant's allegation that this court lacked jurisdiction on the conspiracy count,  Dk. 51, p. 4, but finds that this claim was raised for the first time in defendant's untimely amendment to his § 2255 motion and therefore is not properly before the court.  Had the court addressed the merits of this

26

contention, which allege that defendant cannot be found to have conspired with a

government agent, it would have found them meritless.  Although "there can be no

indictable conspiracy involving only the defendant and government agents or

informers," *United States v. Barboa*, 777 F.2d 1420, 1422 (10th Cir. 1985), the

conspiracy count in this case is based upon defendant's conspiracy with "Carlos,"

a non-governmental agent.   *See* Dk. 65, Exh. A, p. 13-15.  Accordingly, the rule

relied upon by defendant is inapplicable to the facts, and defendant's counsel

cannot be found constitutionally ineffective for not raising this issue.

### Conspiracy/Fraud

Woven throughout defendant's pleading (Dk. 68) are multiple

allegations to the effect that his counsel, the prosecutor, the confidential informant,

and the police conspired to defraud him.  The fraud allegedly consists of those acts

and omissions which the court has addressed above.

The court has fully examined defendant's claims and concludes that

defendant has failed to show cause and prejudice, and thus fails to avoid procedural

default of his constitutional claims.

### Conflict of interest

Defendant's claim that his counsel had an actual conflict of interest is

somewhat different from his other claims, because *Strickland's* prejudice

requirement does not apply to claims of ineffective assistance based upon actual

conflict of interest.  *See Strickland*, 466 U.S. at 692; *United States v. Alvarez,* 137

F.3d 1249, 1251-52 (10th Cir. 1998).  Instead, prejudice will be presumed where an

actual conflict adversely affected counsel's performance.

> In the context of a conflict of interest claim where there was no
> objection at trial ... the client must demonstrate an actual conflict of interest
> which adversely affected his lawyer's performance.  *United States v. Bowie*,
> 892 F.2d 1494, 1500 (10th Cir. 1990).  If the client can establish the conflict
> actually affected the adequacy of his representation, prejudice is presumed.
> *Cuyler v. Sullivan*, 446 U.S. 335, 350, 100 S. Ct. 1708, 1719, 64 L. Ed. 2d
> 333 (1980).  The client has the burden of showing specific instances to
> support his contentions of an actual conflict adverse to his interests.  *United
> States v. Martin*, 965 F.2d 839 (10th Cir. 1992).

*Alvarez*, 137 F.3d at 1251.

"To demonstrate an actual conflict of interest, the petitioner must be

able to point to specific instances in the record which suggest an impairment or

compromise of his interests for the benefit of another party."  *Alvarez*, 137 F.3d at

1249, quoting *Danner v. United States*, 820 F.2d 1166, 1169 (11th Cir. 1987).

Without a showing of inconsistent interests, any alleged conflict remains

hypothetical, and does not constitute ineffective assistance.  *Alvarez*, 137 F.3d at

1252.

The sole allegation of a conflict made by defendant is that his counsel

noted in open court that defendant had seen another attorney.  Dk. 45, p.8, ground

twelve.  The record does show defense counsel's acknowledgment that defendant had spoken to another attorney about his case, and defendant's statement that the other attorney did not have a chance to see the evidence.  Dk. 65, Exh. B, p. 6-7. This, however, does not amount to a conflict of interest.  No evidence suggests that defendant's attorney took action to benefit the government at the defendants' expense.  *See Chavez v. New Mexico*, 397 F.3d 826, 840 (10th Cir. 2005).

Even assuming, without deciding, that defendant and some other counsel had an attorney-client relationship, defendant's choice to consult two attorneys at one time does not create a conflict of interest on the part of his initial counsel, such as would occur if defendant's counsel had chosen to represent two defendants with antagonistic interests, or his loyalty were otherwise jeopardized. Defendant has not met his burden to demonstrate an actual conflict of interest.

**OTHER MOTIONS**

The court has additionally reviewed the other motions filed by defendant.  Defendant has filed two motions to remove his prior attorneys from the service list (Dk. 59 and 63).  These motions are denied.  Defendant's motion for immediate release (Dk. 69) raises issues identical to those raised in defendant's  § 2255 motion, but adds a request for house arrest in lieu of incarceration.  This motion is denied in light of the court's findings on defendant's § 2255 motion.

The defendant also has filed a motion for leave to file his § 2255 motion in forma pauperis. (Dk. 52). There is no filing fee associated with filing a § 2255 motion, and such proceedings are not civil actions for purposes of 28 U.S.C. § 1915.  *United States v. Brazier*, No. 97-3186-SAC, 1997 WL 833293 at *3 (D. Kan. Dec. 11, 1997) (citing in part Rules Governing Section 2255 Proceedings for the United States Courts, Rule 3, Advisory Committee 1976 Adoption and *United States v. Simmonds*, 111 F.3d 737, 741-44 (10th Cir. 1997)), *aff'd*, 149 F.3d 1191 (10th Cir. 1998) (Table).  Thus, the court denies as moot defendant's motion for leave to file in forma pauperis.

IT IS THEREFORE ORDERED that defendant's motion to vacate and correct sentence under 28 U.S.C. § 2255 (Dk. 45) is denied.

IT IS FURTHER ORDERED that defendant's motion for appointment of counsel (Dk. 60) is denied; that defendant's motions to remove his prior attorneys from the service list (Dk. 59 and 63) are denied; that defendant's motion for immediate release (Dk. 69) is denied; and that defendant's motion for leave to file in forma pauperis (Dk. 52) is denied as moot.

Dated this 27th day of May, 2005, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge